IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WHITNEY S.[1]

      Plaintiff,

                                   Civil Action 2:22-cv-3917
  v.                           Judge Sarah D. Morrison
                                   Magistrate Judge Elizabeth P. Deavers

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, Whitney S., brings this action under 42 U.S.C. § 405(g) for review of a final

decision of the Commissioner of Social Security ("Commissioner") denying her applications for

social security disability insurance benefits ("DIB") and supplemental security income ("SSI").

This matter is before the United States Magistrate Judge for a Report and Recommendation on

Plaintiff's Statement of Errors (ECF No. 9), the Commissioner's Memorandum in Opposition

(ECF No. 11), Plaintiff's Reply (ECF No. 12), and the administrative record (ECF No. 8).  For

the reasons that follow, the Undersigned **RECOMMENDS** that the Court **OVERRULE**

Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's decision.

### I.   BACKGROUND

Plaintiff filed her applications for DIB and SSI on November 7, 2019 and November 18,

2019, alleging that she has been disabled since June 1, 2016, due to Ehlers-Danlos type 3,

Postural Orthostatic Tachycardia Syndrome, Mega Cisterna Magna, chronic pain, insomnia, and

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

her use of a wheelchair.  (R. at 269-75, 292-98, 315.)  Plaintiff's applications were denied

initially in April 2020 and upon reconsideration in September 2020.  (R. at 139-88, 201-08.)

Plaintiff sought a *de novo* hearing before an administrative law judge.  (R. at 209-26.)

Administrative law judge Deborah F. Sanders (the "ALJ")  held a telephone hearing on May 10,

2021, at which Plaintiff, who was represented by counsel, appeared and testified.  (R. at 73-103.)

A vocational expert ("VE") also appeared and testified.  (*Id.*)   On June 24, 2021, the ALJ issued

a decision, finding that Plaintiff was not disabled within the meaning of the Social Security Act.

(R. at 48-72.)  The Appeals Council denied Plaintiff's request for review and adopted the ALJ's

decision as the Commissioner's final decision.  (R. at 1-7.)

## II.     RELEVANT RECORD EVIDENCE

The Undersigned has thoroughly reviewed the transcript, including Plaintiff's medical

record, function and disability reports, and testimony about his conditions and resulting

limitations.  Given the claimed error raised by Plaintiff, rather than summarizing that information

here, the Undersigned will refer and cite it as necessary in the discussion of the parties'

arguments below.

## III.    ADMINISTRATIVE DECISION

On June 24, 2021, the ALJ issued the non-disability determination.  (R. at 48-72.)  First,

the ALJ found that Plaintiff met the insured status requirements of the Social Security Act

through June 30, 2020.  (R. at 54.)  Then, at step one of the sequential evaluation process,[2] the

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step
sequential evaluation of the evidence.  *See* 20 C.F.R. § 404.1520(a)(4).  Although a dispositive
finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th
Cir. 2007), if fully considered, the sequential review considers and answers five questions:

     1.      Is the claimant engaged in substantial gainful activity?

ALJ found that Plaintiff has not engaged in substantial gainful activity since June 1, 2016, the alleged onset date. (*Id.*) The ALJ found that Plaintiff has the following severe impairments: Ehlers-Danlos syndrome; degenerative disc disease of the lumbar spine; postural orthostatic tachycardia syndrome; bipolar disorder; personality disorder; depressive disorder; and anxiety disorder. (R. at 55.) The ALJ further found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

Before proceeding to step four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the [ALJ] finds that [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that [Plaintiff] cannot limb ladders, ropes, or scaffolds. She can sustain basic demands of relating adequately with supervisors and coworkers, but cannot interact appropriately with the general public, aside from brief and superficial interaction (such as no interaction in a customer service capacity). [Plaintiff] can adapt to routine workplace changes, remain aware of environmental hazards, and can make plans and goals while travelling independently.

(R. at 58.) At step four of the sequential process, the ALJ determined that Plaintiff is capable of performing her past relevant work as a billing typist and data entry clerk, and found that this

---

2.      Does the claimant suffer from one or more severe impairments?
3.      Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4.      Considering the claimant's residual functional capacity, can the claimant perform her or her past relevant work?
5.      Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

work does not require the performance of work-related activities precluded by Plaintiff's residual functional capacity. (R. at 64-65.) Relying on the VE's testimony, the ALJ concluded at step five that Plaintiff can perform other jobs that exist in significant numbers in the national economy. (R. at 65.) She therefore concluded that Plaintiff has not been under a disability since June 1, 2016, the alleged onset date. (*Id.*)

## IV.   STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)). Still "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the

Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## V.   ANALYSIS

Plaintiff submits one assignment of error, arguing that the ALJ "failed to properly consider whether [Plaintiff] met or equaled Listing 1.18 after erroneously concluding that [Plaintiff] did not need an assistive device to ambulate."  (ECF No. 9 at PAGEID ## 1773-1781.) Plaintiff asserts that the ALJ's conclusion was "legally and factually incorrect," because her "extremely limited consideration [of Listing 1.18] . . . failed to properly consider all of the relevant evidence in the record" and because her "cursory rejection of the listing was not supported by substantial evidence."  (*Id.*)  Plaintiff further argues that the ALJ "did nothing more than cursorily declare that there was no such evidence" that established the need for an assistive device as required by Paragraph D of Listing 1.18, and that the ALJ's conclusion "runs contrary to the substantial evidence of record."  (*Id.*)

In response, the Commissioner maintains that "the ALJ cited ample substantial evidence to support the finding" that Plaintiff did not meet Paragraph D of Listing 1.18, and that Plaintiff "ignores the ALJ's extensive discussion" on the issue.  (ECF No. 11 at PAGEID ## 1788-1795.) Reviewing the ALJ's decision, the Commissioner argues that "the ALJ's findings are supported by the record and are consistent with the substantial evidence cited as well as agency policy," and submits that Plaintiff improperly focuses on whether "other findings . . . could have been made based on a different review of the evidence by a different fact finder."  (*Id.*)

5

In reply, Plaintiff insists that "the evidence of record satisfied the requirements of Paragraph D [of Listing 1.18], and as such, the evidence of record demonstrates that [Plaintiff] met the listings, and is therefore disabled." (ECF No. 12 at PAGEID ## 1798-1801.) Plaintiff again reviews various pieces of record evidence which she believes supports her position, and argues that "[t]here was very little in the way of convincing evidence to prove or demonstrate that [Plaintiff] did not medically require the powered wheelchair," as the ALJ found. (*Id.*) To the contrary, Plaintiff believes that "the record contains the necessary evidence to prove that the powered wheelchair was medically necessary," so "the ALJ erred in determining that the powered wheelchair was [not] medically necessary." (*Id.*) The matter is thus fully briefed and ripe for judicial review.

At step three of the sequential evaluation, the ALJ must determine whether the claimant has an impairment that meets or medically equals one of the listed impairments in Appendix 1, Subpart P (the "Listings"). 20 C.F.R. 404.1520(a)(4)(iii). The Listings describe impairments considered by the Social Security Administration to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). Notably, "neither the listings nor the Sixth Circuit require the ALJ to 'address every listing' or 'to discuss listings that the applicant clearly does not meet.'" *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014) (citing *Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x 639, 641 (6th Cir. 2013)). Even so, the ALJ should discuss the relevant listing "where the record raises a 'substantial question as to whether [the claimant] could qualify as disabled under a listing." *Id.* (citing *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)). The claimant has the burden at this step to establish that she meets or equals a listed impairment, and "[u]nless all the requirements of the listing are present, the claimant does not

6

satisfy that listing." *Roby v. Comm'r of Soc. Sec.*, 48 F. App'x 532, 536 (6th Cir. 2002) (citing *Hale v. Sec'y of Health & Hum. Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987)).

In the subject briefing, the parties dispute how the ALJ analyzed Listing 1.18, which is titled "Abnormality of a major joint(s) in any extremity." *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.18.  In order to meet or equal Listing 1.18, a claimant must have an abnormality of any major joint in any extremity documented by:

> A.  Chronic joint pain or stiffness.  **AND**
>
> B.  Abnormal motion, instability, or immobility of the affected joints.  **AND**
>
> C.  Anatomical abnormality of the affected joints noted on:
>
>> 1.  Physical examination or
>>
>> 2.  Imaging.  **AND**
>
> D. Impairment-related physical limitation of musculoskeletal functioning that has lasted, or is expected to last, for a continuous period of at least 12 months, and medical documentation of at least *one* of the following:
>
>> 1.  A documented medical need for a walker, bilateral canes, or bilateral crutches or a wheeled and seated mobility device involving the use of both hands; or
>>
>> 2.  An inability to use one upper extremity to independently initiate, sustain and complete work-related activities involving fine and gross movements, **and** a documented medical need for a one-handed, hand-held assistive device that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand; or
>>
>> 3.  An inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements.

*Id.* (bold emphasis added; italics in original).  Here, the ALJ discussed Listing 1.18 as follows:

> In considering [Plaintiff]'s Ehlers-Danlos syndrome, particular attention was given to medical listing 1.18, Abnormality of a major joint in any extremity. However, this listing requires evidence of 1. chronic joint paint or stiffness; 2. abnormal motion instability, or immobility of the affected joint; 3. Anatomical abnormality of the affected joint noted on physical examination or imaging; and 4. A

documented medical need for a walker, bilateral canes, or bilateral crutches, or a wheeled and seated mobility device, or an inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements. **While the evidence has demonstrated some chronic joint pain and stiffness, there is no documented medical need for an assistive device as detailed in this listing.**

(R. at 56 (emphasis added).)

The parties do not dispute that Plaintiff meets the requirements of Paragraphs A, B, and C of Listing 1.18. (*See* ECF No. 11 at PAGEID # 1794 ("Defendant does not dispute this as the ALJ did not dispute it either.").) Accordingly, the dispute is whether Plaintiff satisfies Paragraph D, which as set forth above requires, in part, medical documentation of either:

> 1. A documented medical need for a walker, bilateral canes, or bilateral crutches or a wheeled and seated mobility device involving the use of both hands; or

> 2. An inability to use one upper extremity to independently initiate, sustain and complete work-related activities involving fine and gross movements, and a documented medical need for a one-handed, hand-held assistive device that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand; or

> 3. An inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.18(D). Plaintiff maintains that her prescription for a powered wheelchair satisfies Paragraph D(2) of Listing 1.18, because she was prescribed a wheelchair "given her mobility issues" and because her wheelchair is a "wheeled and seated mobility device involving the use of one hand." (ECF No. 9 at PAGEID # 1778.)

Plaintiff's arguments are not well taken. First, while Plaintiff discusses at length how she believes Paragraph D(2) of Listing 1.18 applies to her given that her wheelchair requires one hand to operate, Plaintiff conspicuously fails to discuss the prerequisite of Paragraph D(2) – that she have "[a]n inability to use one upper extremity to independently initiate, sustain and

complete work-related activities involving fine and gross movements." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.18(D)(2). As the Commissioner correctly observes, "this issue is not self-proving," and "Plaintiff cites no records showing an inability to use her upper extremities." (ECF No. 11 at PAGEID # 1794.) And yet even after the Commissioner noted this oversight, Plaintiff responded merely by reiterating that "there is evidence that the Listing was met" because she "would not be able to use her upper extremity while operating her powered wheelchair, as she would be required to operate a joystick to move the chair." (ECF No. 12 at PAGEID # 1801.)

Plaintiff's response is insufficient. Even if, *arguendo*, Plaintiff's argument about her use of the wheelchair has merit (which is an issue to which the Undersigned offers no opinion), Plaintiff has failed to make the preliminary showing required by Paragraph D(2), which is that she has an inability to use one upper extremity to independently initiate, sustain and complete work-related activities involving fine and gross movements. Under such circumstances, the Undersigned cannot review the record to find it. *Karger v. Comm'r of Soc. Sec.*, 414 F. App'x 739, 754 (6th Cir. 2011) ("It is not this Court's role, or even the district court's role, to scour the record for evidence and expert reasoning which the ALJ *might* have relied on and which *could* support a finding of no-disability *if* the ALJ actually considered it.") (emphasis in original).[3] This omission is therefore fatal to Plaintiff's claim, as Plaintiff has failed to meet her burden of establishing *all* of the elements of a Listing. *See Hernandez v. Comm'r of Soc. Sec.*, No. 1:20-CV-541, 2021 WL 2819839, at *6 (S.D. Ohio July 7, 2021) ("To meet this burden, plaintiff must

---

[3] That said, however, the Undersigned must note that the ALJ expressly considered Plaintiff's March 2020 consultative examination, during which Plaintiff's "fine fingering and hand strength was normal." (R. at 60 (citing R. at 596-603).)

put forth evidence establishing that she meets all of a Listing's criteria.") (citations omitted). Accordingly, the Undersigned need not address Plaintiff's arguments related to whether her wheelchair was medically necessary.

## VI.    CONCLUSION

In sum, from a review of the record as a whole, the Undersigned concludes that substantial evidence supports the ALJ's decision denying benefits.  Based on the foregoing, it is therefore, **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED** and that the Commissioner's decision be **AFFIRMED.**

## VII.    PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**Date: September 28, 2023**                        */s/ Elizabeth A. Preston Deavers*
                                                **ELIZABETH A. PRESTON DEAVERS**
                                                **UNITED STATES MAGISTRATE JUDGE**